IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60002
Summary Calendar
_____

IRAYDA DEL SOCORRO CHAVARRIA,
a/k/a IRAYDA CHAVARRIA FLORES,
Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,
Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A28 651 643)
_____
October 4, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

Irayda Del Socorro Chavarria ("Chavarria") appeals the order of the Board of Immigration Appeals dismissing her appeal of the Immigration Judge's denial of her motion to reopen on the basis of her failure to establish a *prima facie* case for relief from deportation.  Finding no abuse of discretion, we affirm.

_____

[*]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

Chavarria, a native and citizen of Nicaragua, was admitted to the United States in August 1986 as a nonimmigrant visitor for pleasure, and was authorized to remain until November 20, 1986. Because she remained in the country beyond that date, the Government initiated deportation proceedings in 1990. At a hearing held before an Immigration Judge ("IJ"), Chavarria admitted that she had violated § 241(a)(2) of the Immigration and Nationality Act ("INA") by remaining in the country too long, and conceded that as a result she was deportable. She stated, however, that she intended to file applications for asylum and for withholding of deportation. The IJ ordered that Chavarria file any such applications by February 25, 1991. When no application for relief was filed, Chavarria's request for relief was considered abandoned and she was ordered to be deported.

On March 13, 1991, Chavarria filed a motion with the IJ requesting reconsideration of the deportation order. She stated that she and her attorney had been completing an application for asylum and gathering the appropriate supporting documentation, but that she had inadvertently failed to file the application prior to the February 25, 1991, deadline. In her motion, Chavarria requested that she be allowed to file her completed application for asylum. Construing the motion as one to reopen deportation proceedings for the purpose of acting on an application for relief, the IJ issued an order denying the motion because Chavarria failed to tender an application for relief, and failed to establish good

cause for her delinquency in filing the application. The Board of Immigration Appeals ("Board") affirmed the ruling of the IJ and dismissed Chavarria's appeal, finding that the IJ properly denied Chavarria's motion because she failed to submit an application for asylum, or for any other relief from deportation, and thus had not made out a *prima facie* case for relief from deportation.

## II.

In her motion to reconsider/reopen, Chavarria requested that the IJ reconsider its deportation order "in order to allow her to file the appropriate applications for relief from deportation." Because Chavarria requested consideration of new documentary evidence, we find that Chavarria's motion was properly construed as a motion to reopen deportation proceedings. *See* 8 C.F.R. § 3.8. To succeed in a motion to reopen, the alien must establish *prima facie* eligibility for the relief sought. *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Pritchett v. I.N.S.* 993 F.2d 80, 83 (5th Cir.), *cert. denied*, ___U.S.___, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993). Even if the alien has made out a *prima facie* case for relief, the Board has the discretion to deny a motion to reopen. *Id*. Thus, we review the Board's denial of Chavarria's motion to reopen and dismissal of the appeal for an abuse of discretion. *See Id.*

The Board determined that Chavarria had not established a *prima facie* case for relief because she "ha[d] not submitted an application for asylum, or for any other relief from deportation." Chavarria contends that the Board abused its discretion in denying

3

her motion to reopen because she had established *prima facie* eligibility for the asylum relief sought.  She asserts that she filed with the Immigration and Naturalization Service ("I.N.S."), her initial request for asylum on or about August 30, 1989, and that she had submitted a revised request for asylum to the IJ as part of her motion to reopen.  She indicates that a copy of the 1989 application is included as Exhibit A to her brief on appeal.  However, there is no Exhibit A attached to her brief and none of the exhibits that Chavarria has attached to her brief is a copy of a 1989 application for asylum.  Additionally, the record does not support Chavarria's assertion that she included a copy of her revised application as part of the motion filed with the IJ.  In her motion to reopen, Chavarria requested the opportunity to submit the asylum application, but she did not include a copy of the application that she alleges she had completed.[1]  Accordingly, we find that Chavarria has put forth no documentation to support her contention that the Board abused its discretion.  *See Rivera-Cruz v. I.N.S.*, 948 F.2d 962, 969 (5th Cir. 1991).

Finally, the Government moves that exhibits Chavarria included with her brief on appeal, but failed to include with her motion to

---

[1]    According to the record, Chavarria has yet to file such an application.  In a letter to the IJ accompanying Chavarria's motion to reopen, Chavarria's attorney states:

> Pursuant to instructions from your office, I am not enclosing the Form I-589 and other documents associated with the application for relief from deportation.  It is my understanding that you must rule on the Motion to Reconsider before I may file the I-589 and other items with the Court.

reopen, be stricken from the record on appeal.[2] Because our review is limited to the administrative record, the Government's motion is granted. *Id.*[3]

## III.

For the reasons articulated above, the order of the Board of Immigration Appeals dismissing Chavarria's appeal is AFFIRMED.

---

[2] Chavarria includes with her brief documents indicating that subsequent to the initiation of deportation proceedings she married a native-born United States citizen, and that based upon the marriage she applied for and was granted conditional permanent resident status. These documents were never submitted as part of the administrative record on review by this Court.

[3] We note, as we did in *Rivera-Cruz*, that because Chavarria has not yet been ordered to depart the country, she is free to petition the Board to reopen her deportation proceedings in order to present the new evidence not included in the administrative record before us in this appeal. *Id.* at 969 n. 9 (citing 8 C.F.R. § 3.2). Our affirmance has no *res judicata* effect upon Chavarria's choice to file a motion to reopen with the Board on the basis of the I.N.S.'s grant of conditional permanent residence pursuant to Section 216 of the INA, 8 U.S.C. § 1186a.